## HAINES v SHROYER

Ohio Appeals, 2nd Dist, Miami Co

No 308. Decided May 17, 1933

W. H. Gilbert, Troy, and W. A. Haines, Troy, for plaintiff in error.

Kerr, Kerr & Kerr, Troy, for defendant in error.

## OPINION

By KUNKLE, J.

Did the lower court err in overruling this motion of W. A. Haines, assignee? Has this court under the motion as filed by said assignee jurisdiction to consider any questions other than those raised by the motion?

It is true, as above stated, that the motion is entitled "Motion for New Trial."

The motion, as above quoted however shows that it is clearly a motion to set aside and vacate certain findings contained in the entry approved by the court and journalized. No new trial is requested in the motion and no consideration was requested by the court as to a new trial and the journal entry upon this motion shows that the subject of a new trial was not considered by the trial court. The journal entry is as follows:

"November 12—Entry:—

This cause coming on this day to be heard on the motion of the defendants to

set aside and vacate the entry heretofore made herein, and upon argument of counsel and due consideration the court finds said motion not well taken and does therefore overrule the same.

To which order, finding and ruling by the court defendants, by their counsel, except and statutory time is granted within which to have prepared and filed a proper bill of exceptions herein."

The entry in regard to which complaint is made was filed May 18, 1932. The motion in question was filed May 19, 1932. The entry overruling the motion was filed November 12, 1932.

The motion of May 19, 1932 as above stated is designated as a motion for a new trial, but there is no request in such motion for a new trial and from the journal entry of November 12 the question of a new trial was not passed upon by the court. The only question the trial court passed upon by the entry of November 12th, was whether the former entry should be set aside and vacated for the reasons stated in the motion.

In view of the state of the record, we are of opinion that some of the questions urged by counsel for plaintiff in error are not properly before the court for consideration. They could only be brought before the court for review after a motion for a new trial had been filed and considered by the court.

It is claimed that the lower court had no jurisdiction to make findings which plaintiff in error asked to have vacated. We have examined these findings with care and have also examined the pleadings in the case, particularly the answers of Jessie B. Calison, W. A. Haines, assignee, and the reply thereto of the plaintiff below. These pleadings show that the issues in reference to which findings were made by the lower court were brought before the court for consideration by the parties themselves.

It is suggested by counsel for plaintiff in error that in a replevin suit the only question involved relates to the right of possession of the property. Ordinarily that is the question for determination, but in this case the record and the pleadings show that the parties themselves brought other issues into the case and submitted the same to the court for its consideration and that the findings made by the court and now complained of are upon issues included in the pleadings filed by the parties.

Complaint is also made by counsel for plaintiffs in error that no request was made for separate findings of fact by counsel for defendant in error, being the plaintiff in the lower court.

The record is silent as to whether any request was or was not made by counsel for defendant in error for findings of fact.

Sec 11470 GC which provides for such findings by the court does not require such request to be made in writing. We know of no provision which would prevent a trial court from making a finding of fact if it so desired without a request. We know as a matter of common knowledge, however, that trial courts are not given to making special findings of fact unless requested. While it forms no part of the record yet the brief of counsel for defendant in error contains a memorandum of the trial judge in which reference is made to the fact that counsel upon both sides have submitted entries and that he has approved, with a slight modification, the entry prepared and presented by counsel for defendant in error. This slight modification is noted in this memorandum of the trial judge. The presentation of an entry containing findings of fact might be considered by the trial judge as a request for findings of fact. Whether such a request was timely or should have been made during the hearing of the case is a question which we think could only be properly raised by the court itself. It is also suggested that if the findings of fact control then the judgment should have been in favor of defendant in error instead of plaintiff in error. Assuming this to be correct the defendant in error is not complaining and we are at a loss to see how the plaintiff in error can complain if he secured something to which he was not entitled.

We think the third branch of the motion was also properly overruled as the trial court was a court of general jurisdiction and the parties by their pleadings submitted the matters in question to the court for its consideration.

Assuming therefore, for the purposes of this case that the motion as filed constitutes a motion for a new trial we find no prejudicial error in the court overruling same for the reasons above stated.

We have considered all of the errors urged by counsel for plaintiffs in error in their brief but finding no error in the record which, under the state of the record, we consider prejudicial to plaintiffs in error, the judgment of the lower court will be affirmed.

HORNBECK, PJ, and BARNES, J, concur.